United States District Court

Eastern District of California

Jesse Seineke,

     Plaintiff,　　　　　　　　　No. Civ. S 02-2379 DFL PAN P

  vs.　　　　　　　　　　　　　Findings and Recommendations

Ed Alameda, et al.,

     Defendants.

-oOo-

    Plaintiff is a state prisoner and psychiatric patient proceeding without counsel in a civil rights action.

    The complaint alleges defendant Davis injected plaintiff with a syringe of air and then laughed.  Plaintiff claims the event made him paranoid causing profound psychological damage.

    Defendant Davis seeks summary judgment and plaintiff opposes.

    A party may move, with or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered

forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is "material" if it affects the right to recover under applicable substantive law.  Id.  The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact.  Id. at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there

is a genuine issue for trial.'"  Id. at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  Id. at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial.  Id., at 327.  Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit.  Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995);

3

1  McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified
2  motion based on personal knowledge in opposition to a summary
3  judgment motion setting forth facts that would be admissible in
4  evidence also functions as an affidavit. Johnson v. Meltzer, 134
5  F.,3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th
6  Cir. 2004). Defects in opposing affidavits may be waived if no
7  motion to strike or other objection is made. Scharf v. United
8  States Attorney General, 597 F.2d 1240 (9th Cir. 1979)
9  (incompetent medical evidence).

10 The unnecessary and wanton infliction of pain upon
11 incarcerated individuals under color of law constitutes a
12 violation of the Eighth Amendment. McGuckin v. Smith, 974 F.2d
13 1050, 1059 (9th Cir. 1991). A violation of the Eighth Amendment
14 occurs when prison officials deliberately are indifferent to a
15 prisoner's medical needs. Id. The threshold for a medical claim
16 under the Eighth Amendment is extremely high:

> A prison official acts with "deliberate indifference . . . only if [he] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's

4

1   Eighth Amendment rights." McGuckin, 974 F.2d at 1059
2   (alteration and citation omitted).

3  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (footnote
4  omitted).

5   "Deliberate indifference to medical needs may be shown by
6  circumstantial evidence when the facts are sufficient to
7  demonstrate that a defendant actually knew of a risk of harm."
8  Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003)
9  (citations omitted); see also Gibson, 290 F.3d at 1197
10 (acknowledging a plaintiff may demonstrate officers "must have
11 known" of risk by showing medical need was obvious and extreme).

12   Allegations of an inadvertent failure to provide adequate
13 medical care do not state a cognizable § 1983 claim. Wilson v.
14 Seiter, 501 U.S. 294, 297 (1991). Neither simple malpractice,
15 nor even gross negligence, constitute "deliberate indifference."
16 Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

17   There is evidence the incident with the empty syringe did
18 cause serious harm to plaintiff's precarious mental state and
19 exacerbate his pre-existing tendency to distrust medical staff.
20 Thus, a jury could find there was a substantial risk to
21 plaintiff's health and safety. However, plaintiff offers nothing
22 to support a finding Davis actually drew the inference that
23 plaintiff would be so harmed by a prick with an empty syringe.
24 Plaintiff presents no evidence his unusual mental susceptibility
25 was so obvious and extreme Davis "must have known" of the risk.
26 Gibson, 290 F.3d at 1197. Davis declares she acted by accident

5

1  and acted reasonably to abate any harm by immediately removing
2  the needle without pressing the plunger.  In opposing summary
3  judgment plaintiff offers nothing to controvert Davis'
4  declaration and accuses her of nothing more than negligence.
5  This is insufficient to support an Eighth Amendment claim.  The
6  undisputed facts entitle Davis to summary judgment as a matter of
7  law.
8      Accordingly, the court hereby recommends defendant's
9  February 18, 2005, motion for summary judgment be granted and
10 summary judgment be entered for defendant Davis.
11     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
12 findings and recommendations are submitted to the United States
13 District Judge assigned to this case.  Within 20 days after being
14 served with these findings and recommendations, any party may
15 file written objections.  The document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."
17 The district judge may accept, reject, or modify these findings
18 and recommendations in whole or in part.
19     Dated:  June 29, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge